Curia, per
Wardlaw, J.
These cases were struck from the docket, either because it was supposed the injunction, ordered in Equity, prevented the Court of law from proceeding, or because, under the view which was taken of the equity proceedings, all further attempts by the plaintiff at law, were considered hopeless. But it does not appear to this Court that the Court below should have interfered to prevent the plaintiff from proceeding, if he would.
An injunction restrains those upon whom it is properly served, according to the order and practice of the Court of Equity; for breach of it, remedy may be had in the Court from which it issues; but it is not served upon a Court of law; and although a Court of law, regulating its own practice, will sometimes, in reference to advantages which, by reason of an injunction procured by himself, a defendant at law might also obtain from lapse of time, notice the fact that proceedings have been suspended by injunction, yet it will not undertake to prescribe or enforce the duty of its plaintiff served with an injunction, but taking care that no surprise be operated, or unfair advantage gained, will leave him to determine his course, at his own peril.
Whether there was an injunction, whether it had been served upon the plaintiff, whether it restrained proceedings against the sureties, who were bound by it, are all questions for the Court of equity, which the Court of law was not properly called on to decide, and had not the means of determining. The plaintiff’, if advised to pursue his *206 rights further, must for himself choose between proceeding at law, and going into equity, to prove his demand upon the foot of the decree rendered there.
Petigru & Lesesne, for the motion. Hunt, contra.
The Court has been pressed to lay down general rules upon the subject of creditors’ bills, but being well content with the course of decision hitherto had on that subject, and perceiving that, to the reasons upon which the jurisdiction and beneficial interference of equity in the administration of complicated and insolvent estates are elsewhere rested, may here be added the disturbance of legal sureties, which necessarily results from the sale by a sheriff, under execution, of the lands of a deceased insolvent, the Court declines to do more than decide the questions presented at the threshold of the case in hand.
The motion is granted, and the cases restored to the docket.
Richardson, O’Neall, 'Evans and Butler, JJ., concurred.